Argued July 7, decision and recommendation of the Board of
Governors approved September 8, 1965

In re Complaint as to the Conduct of
## SUSSMAN AND TANNER
405 P. 2d 355

*Clarence D. Phillips,* Portland, argued the cause

for respondent Oregon State Bar. With him on the brief was Howard M. Dupuy, Jr., Portland.

*Leo Levenson,* Portland, argued the cause for petitioners. With him on the brief was Nicholas Jaureguy, Portland.

Before MᴄAʟʟɪsᴛᴇʀ, Chief Justice, and Pᴇʀʀʏ, Sʟᴏᴀɴ, O'Cᴏɴɴᴇʟʟ, Gᴏᴏᴅᴡɪɴ, Dᴇɴᴇᴄᴋᴇ and Hᴏʟᴍᴀɴ, Justices.

PER CURIAM.

This is a petition to review the recommendation of the Board of Governors of the Oregon State Bar directing each of the petitioners to discontinue the use of a certain letterhead as being in violation of Rule 30 of the Rules of Professional Conduct.

Each of the petitioners, Maurice D. Sussman and Kneland C. Tanner, lists the name of the other at the top left side of his letterhead together with the names of two other lawyers, all of which are under the word "Associates." To illustrate, Mr. Sussman's letterhead is as follows:

MAURICE D. SUSSMAN
Attorney at Law
Jackson Tower
806 S.W. Broadway   CApitol 8-8531
Portland (5) Oregon

Associates
Kneland C. Tanner
John W. Brugman
Ronald A. Watson

Rule 30 of the Rules of Professional Conduct provides as follows:

"In the selection of a firm name, a member of the

state bar shall not employ any false, misleading, assumed or trade name."

The trial committee held that the listing of the three names at the left side of the letterhead below the word "Associates" did not comprise any part of "firm name" and that there was no evidence tending to show that the letterhead was false or misleading. The Board of Governors took a contrary view holding that the letterheads were "misleading, confusing and deceitful."

■■ We hold that Rule 30 is violated by the use of the letterhead in question on the ground that it is "misleading." The word "Associates" has a variety of meanings. Principally through custom the word when used on the letterheads of law firms has come to be regarded as describing those who are employees of the firm. Because the word has acquired this special significance in connection with the practice of the law the use of the word to describe lawyer relationships other than that of employer-employee is likely to be misleading. To those not acquainted with this special meaning the use of the word in the manner employed by petitioners might suggest that all those associated with each other were partners. Thus it is possible that the word might be misleading as to the responsibility that each of the persons named as associates has to those dealing with one of the associates under various circumstances.[1]

The petitioners argue that the designation used by them is helpful in informing those dealing with the petitioners of the petitioners' relationship to each other and serves to make it more convenient for the petitioners to deal with their respective clients. Even

---

[1] To this effect see Opinion 310, Committee on Professional Ethics, American Bar Association (June 20, 1963).

if this were a consideration to be weighed against the possibility of confusing the public, we are not convinced that the letterheads employed serve these ends in any substantial way. As we see it, petitioners' dealings with their clients and with the clients of their colleagues would not be materially inconvenienced if the letterhead made no mention whatsoever of the association between the lawyers in the suite of offices used by them.

The petitioners are directed to discontinue the use of the word "Associates" as employed on their letterhead.

GOODWIN, J., dissenting.

While I do not approve of listing as "associates" persons who are no more closely associated than are the lawyers who have their offices at 806 Southwest Broadway in Portland, I am unable to see how the stationery complained of violates Rule 30. I therefore dissent.

PERRY and SLOAN, JJ., join in this dissent.